### MOOTZ v BOTKINS

Ohio Appeals, 2nd Dist, Montgomery Co

No 1399.   Decided Nov 23, 1936

H. P. Jeffrey, Dayton, for appellant.

C. R. Lautenburg, and Harry Becker, Dayton, for appellee,

### OPINION

By HORNBECK, J.

Error is prosecuted from an order of the Common Pleas Court sustaining a motion of Ralph Botkins, defendant below, to dismiss the appeal of the plaintiff, John Mootz, from the court of C. F. Bucher, Justice of the Peace in and for Harrison Township, Montgomery County, Ohio.

The chronological facts necessary to an appreciation of the question presented are as follows: the action in replevin was instituted September 13, 1935, summons with writ was issued September 16, 1935, September 18, 1935, the parties appeared, a jury was demanded, struck and sworn and the cause continued to October 9, 1935. On this date, trial was had and verdict returned in favor of the defendant. On the same day, judgment was entered on behalf of the defendant. On this date, counsel for plaintiff gave notice of the filing of a motion for new trial and three days were given within which to file the motion. On October 12, 1935, the motion was filed. On October 18, 1935 the motion was heard and overruled. Notice of appeal was given in the Justice of the Peace Court on October 18, 1935 and the bond filed the same day. November 18, 1935 the transcript of the docket entries of the case from the Justice of the Peace Court was filed in the Common Pleas Court and on December 7 the plaintiff filed his petition in the Common Pleas Court. After summons had issued on the proceedings on appeal a motion was filed by the defendant to dismiss the appeal of date December 10, 1935. Thereafter the appeal was dismissed.

The Common Pleas Court predicated the action there taken upon the provisions of §§10378 **and 10384 GC.** It is urged upon the appeal that if §10378 **GC** is controlling no benefit can accrue to the losing party by the filing of a motion for new trial and, secondly, that if the express terms of §10378 **GC** are to be given application the section is unconstitutional.

We are of opinion that the errors assigned are not well taken. The act is not unconstitutional because the right to establish procedural steps incident to a trial

before a Justice of the Peace is purely within the jurisdiction of the Legislature. The right to file any motion for new trial or application for rehearing after judgment could be denied as could the right of review.

The theory of the legislation authorizing an appeal to be taken to the Common Pleas Court from the judgment of the Justice of the Peace Court on the verdict is that there will be a complete retrial in the Common Pleas Court as though the cause originated there. It was the legislative concept that the rights of the losing party were sufficiently protected by the statutes as enacted.

There is only one section governing a motion for new trial where a verdict has been rendered in the Justice of the Peace Court and that is §10352 GC which provides:

"The Justice before whom a cause has been tried on motion and being satisfied that the verdict was obtained by fraud, partiality or undue means, at any time within four days after the entering of judgment, may grant a new trial. He also shall set a time for the new trial, of which the opposite party shall have at least three days notice."

We have examined the seven grounds of the motion for the new trial and find that no one of them could be brought within the purview of §10352 GC, therefore there was no ground for new trial which could have been asserted by the plaintiff under the Code.

If there had been such grounds, the action of the Justice of the Peace in overruling the motion for new  trial taken six days after the filing of the motion would have been so late as to have rendered the judgment void. **Derby v Heath, 59 Oh St 54; Tussing v Evans, 7 C.C. (N.S.) 237.** §10378 GC was controlling upon the Justice of the Peace respecting the entering of the judgment wherein it provides:

"Upon a verdict, the Justice must immediately render judgment accordingly * * *."

Sec 10384 GC specifically provides that the party appealing or his agent shall deliver a certified transcript of the proceedings in the Justice of the Peace Court together with the appeal bond to the Common Pleas Court on or before the thirty days from the rendition of the judgment appealed from.

The judgment having been entered under a valid section of the statute the limitation of thirty days fixed by §10384 GC is controlling. It has been held that if the thirtieth day after the judgment falls on Sunday, the filing of the transcript on the next day, the thirty-first day, is too late. **McLees v Morrison, 29 Oh St 155; Kerr v Keil, 60 Oh St 607.**

CRAIG, PJ, and BARNES, J, concur.